HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KOREAN WOMEN'S ASSOCIATION, INC., a Washington non-profit corporation,<br><br>                    Plaintiff,<br><br>        v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION HEALTHCARE LOCAL 775 NW; SERVICE EMPLOYEES INTERNATIONAL UNION HEALTHCARE NW HEALTH BENEFITS TRUST,<br><br>                    Defendant. | CASE NO. C12-5503RBL<br><br>ORDER DENYING MOTION FOR ATTORNEYS' FEES AND COSTS<br><br>[DKT. #60] |

THIS MATTER is before the Court on Defendant SEIU Healthcare NW Health Benefits Trust's Motion for Attorneys' Fees and Costs [Dkt. #60]. The Court previously granted the Trust's Motion for summary judgment and dismissed the plaintiff's Complaint [Dkt. #49]. The Court also dismissed the defendants' counterclaims [Dkt. #58]. The Trust now seeks attorneys' fees and costs ERISA's mandatory provision (28 U.S.C. § 1132(g)(2)) and its discretionary fee shifting provision (28 U.S.C. § 1132(g)(1)).

## I. BACKGROUND

The underlying lawsuit involved the interpretation of a collective bargaining agreement between the Trust and KWA, in light of changing reimbursement rates and calculations under Medicaid.  A dispute arose about the proper calculation of KWA's contributions to the trust for the benefit of its employees.  KWA paid what the Trust claimed it owed and then sued for a refund.  It also sought declaratory relief and an injunction, both related to its interpretation of the CBA.  The Trust prevailed on that contract interpretation dispute.

It now seeks the fees it incurred in defending KWA's lawsuit.

## II. DISCUSSION

**A.  The Mandatory Award of Attorneys' Fees and Costs Does Not Apply Under the Circumstances of this Case.**

29 U.S.C. § 1132(g)(2) provides mandatory fee shifting in cases brought "by a fiduciary" under ERISA:

"In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce Section 1145 of this title in which a judgment in favor of the plan is awarded, the Court shall award the plan []reasonable attorneys' fees and costs of the action, to be paid by the defendant[.]"

This language requires an action "by a fiduciary."

ERISA defines a fiduciary as a person who (i) exercises discretionary authority or control over managing and/or disposition of assets, (ii) who renders investment advice to the plan managers for a fee, or (iii) who has discretionary responsibility for the administration of the plan. 19 U.S.C. § 1002(21)(A).  KWA is an employer.  KWA has no authority to manage the Trust, or dispose of its assets. It has no discretionary authority regarding Plan administration whatsoever. KWA instead makes contributions to the Plan, as required by the CBA.  KWA is not a fiduciary.

The Trust characterizes KWA as a "de facto fiduciary." In a stretch of logic, the Trust argues that Plan fiduciaries include participating employers when they have control over the management or disposition of plan assets, such as funds earmarked for contribution to the Trust for worker health benefits. When an employer holds designated "plan assets" for contribution to the plan, it is "de facto" fiduciary of the Plan.

The rationale does not apply to these facts. KWA disputed the contribution calculation, but it nevertheless paid the contribution as calculated by the Trust. It then requested a refund. To clarify its interpretation of the CBA, KWA initiated this lawsuit. KWA had every right to seek the Court's resolution of the dispute between the Trust and KWA. KWA did not withhold contributions in an effort to wage a war of attrition. It did not delay resolution of this case. It did not request more information from the Trust than necessary to flesh out the contours of the dispute.

In contrast, monies <u>owed</u> by an employer for <u>unpaid</u> employer contributions to employee benefit funds established under multi-employer collective bargaining agreement were ERISA "plan assets," pursuant to an exception to the general rule that employer contributions do not become plan assets until paid to the plan, pursuant to the language in the trust agreements. *Trustees of S. Cal Pipe Trades Health & Welfare Trust Fund v. Temecula Mech., Inc.*, 438 F. Supp.2d 1156, 1165 (C.D. Cal. 2006). By paying the contribution and challenging the calculation of the amount, KWA falls outside of ERISA's definition of "fiduciary" and thereby escapes the mandatory obligation to reimburse the Trust's attorneys' fees and costs. The lawsuit was initiated as a declaratory action for clarification of a real dispute. The action was not to enforce required contributions to the plan required by 29 U.S.C. § 1145. Absent any statutory

basis providing for the mandatory award of attorneys' fees in this litigation, the Trust must rely on the discretion of the Court as a basis for attorneys' fees and costs.

**B.  A Discretionary Award of Attorneys' Fees and Costs is Not Warranted in this Case.**

29 U.S.C. §1132(g)(1) permits fee shifting in the Court's discretion.  The Court evaluates five factors to determine whether to award fees: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980).

These factors very frequently suggest that attorney's fees should not be charged against ERISA plaintiffs.  *Cuyamaca Meats, Inc. v. Sand Diego and Imperial Counties Butchers' and Food Employers' Pension Trust Fund*, 827 F.2d 491, 500 (9th Cir. 1987) (citing *Operating Eng'rs Pension Trust v. Gilliam*, 737 F.2d 1501, 1506 (9th Cir. 1984)).

1. Bad Faith.

To avoid a finding of "bad faith under the *Hummell* factors, plaintiffs must have a reasonable belief that they could prove an actionable ERISA claim." *Cline v. Industrial Maintenance Eng'r & Contracting Co.*, 200 F.3d 1223, 1236 (9th Cir. 2000) (upholding the trial court's denial of attorneys' fees to any party following dismissal of the plaintiff's claims on summary judgment).

KWA had a reasonable belief that the CBA limited its obligation for health insurance contributions to precisely the amount it received from the State.  That is what KWA was told in bargaining and KWA understood that was all it had agreed to at the bargaining table.  The

language in the CBA ("per cents contribution cannot exceed the maximum monthly or hourly reimbursement from the State …") supports this conclusion. *Ansara Dec. ¶ 9.* Even the Trust concedes that KWA did not act in bad faith. Trust Motion at 9.

This factor does not support a discretionary award of fees.

2. <u>Ability to Pay.</u>

KWA is a nonprofit organization. It provides many social service functions, including free meals to senior citizens, assistance to victims of domestic violence, daycare for senior citizens, immigration and citizenship services, healthcare and education services, and other social programs. Any award of attorney's fees will simply reduce the funds available to KWA's social service programs. There is no public benefit to taking money out of social service programs to give money to a Trust with very high reserves. This factor does not support a discretionary award of fees.

3. <u>An Award of Attorney's Fees Would Deter Access to the Courts</u>

The parties agree that KWA did not act in bad faith in brining this lawsuit. Instead, KWA made all contributions to which the Trust determined were at issue, and then sought a determination of the parties' rights in court. Without a showing of bad faith, the Court should not seek to deter parties from accessing the courts to determine their legal rights. *See Simonia v. Glendale Nissan/Infinity Disability Plan*, 608 F.3d 1118, 1122 (9th Cir. 2010) (upholding denial of a fee award against a plan that asserted counterclaims to offset overpayment of benefits, stating that "given Hartford's good faith actions, we do not wish to deter others from acting in the same manner.")

This factor does not support a discretionary award of fees.

4. <u>Benefit to All Participants</u>

The Trust contends that this factor supports a discretionary award of fees in this case, based on its claim that the Trust's involvement in this case was intended to benefit all Trust participants equally. This argument glosses over the fact that (1) whether the Trust could lawfully accept the disputed contributions depended on the outcome of this lawsuit, and (2) the plan was never at risk for any contribution amount.

If KWA's interpretation of the CBA was correct, the Trust would have jeopardized the plan by accepting and retaining contributions that were made contrary to law. The plan participants' interests are to ensure that the plan follows the law, and receives contributions to which it is entitled, but does not retain contributions that it is not entitled to receive.

Moreover, the Trust has taken no successful affirmative action to pursue additional or delinquent benefits on behalf of any plan participants in this case. At all times during this litigation the Trust had possession and use of the contributions it calculated were owed by KWA under its interpretation of the CBA and Trust Agreement.

The Trust's participation in this lawsuit was not intended to benefit individual employees or other plan participants. It was intended to protect the Trust's own interests and prevent reimbursement of any over-payment to KWA. The suggestion that the Trust's actions protecting its own funds amount to actions for the "benefit of all participants and beneficiaries" is rejected.

5. <u>Relative Merits of the Parties' Positions</u>

The final *Hummell* factor requires the Court to compare the relative merits of the parties' position in this lawsuit. This lawsuit raised complex issues of contract interpretation and conflicting language governing KWA's obligations to make contributions to the Trust under a brand new state reimbursement scheme. When a case raises "novel legal issues, the [plaintiff] cannot be expected to have known exactly the strength of the legal positions favoring its

interests." *Cuyamaca Meats, Inc.*, 827 F.2d at 500. Even when one party prevails on summary judgment, such an outcome is not necessarily determinative of the merits of the parties' positions. *See Id.* (affirming summary judgment in favor of appellees while denying their request for attorneys' fees).

The parties here simply had two different and irreconcilable interpretations of the language in the CBA and the effect of that language on trust contributions. Although the Court ultimately resolved this conflict in favor of the Trust and Union, KWA's position was not meritless and this lawsuit was not brought in bad faith. An award of attorneys' fees against KWA is not proper under any of the *Hummell* factors.

### III. CONCLUSION

The Motion for Attorneys' Fees and Costs [Dkt. #60] is **DENIED.**

**IT IS SO ORDERED.**

Dated this 25th day of July, 2013.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE